UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARELL CHANCELLOR,

    Plaintiff,               CASE NO.
                               HON.

-vs-

OFFICER STEPHEN GEELHOOD,
In his individual and representative capacity,
And the CITY OF DETROIT,
A municipal entity,

    Defendants.

| VEN R. JOHNSON (P39219) | PATRICK M. CUNNINGHAM |
|---|---|
| AYANNA D. HATCHETT (P70055) | (P67643) |
| Attorneys for Plaintiff | City of Detroit Law Department |
| 535 Griswold, Ste. 2632 | Attorneys for Defendant City of Detroit |
| Detroit, MI 48226 | 2 Woodward Avenue, Suite 500 |
| (313) 324-8300 | Detroit, MI 48226 |
| vjohnson@venjohnsonlaw.com | (313) 237-5032 |
| ahatchett@venjohnsonlaw.com | cunninghamp@detroitmi.gov |

**A case between these parties arising out of the same incident is currently before this court at Case No. 20-11616.**

**Notice of Removal of Civil Action**

Under 28 U.S.C. § 1441, Defendant City of Detroit (hereinafter, "City")

removes this civil action predicated upon the following:

1.    On June 19, 2020, plaintiff commenced this action in the Third Judicial

       Circuit of Michigan. This action is now pending before that court.

2.     Defendant was served with the summons and complaint on June 29, 2020. (Exhibit A).

3.     Paragraph 5 of Plaintiff's complaint alleges claims under the United States Constitution as well as money damages under 42 USC § 1983. (Id).

4.     This Court has original jurisdiction of the above-entitled action under 28 U.S.C. § 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441.

5.     Under 28 U.S.C. § 1441(c) this action is removed in its entirety to this Court.

6.     Copies of all process, pleadings, and orders served upon the defendants in this matter are attached.

7.     This notice is timely, having been filed within thirty days after service of the Amended Complaint upon the defendants, which raises claims under the United States Constitution as well as 42 USC § 1983.

8.     Upon information and belief, no other defendants have been served, and all potential defendants are expected to consent.

9.     The undersigned has prepared a written notice of the removal of this action.

Such notice has been provided to counsel for plaintiff and to the clerk of the

court from which this matter is removed. Promptly after filing this Notice of

Removal of Civil Action, the undersigned will file a copy with the clerk of

the court from which this action is removed, and provide a copy to counsel

of record by first class mail and email.  Based upon the authorities and facts

recited above, defendants remove the above-entitled action to this Court.

CITY OF DETROIT

PATRICK M. CUNNINGAM (P67643)
By:/s/ Patrick M. Cunningham
City of Detroit Law Department
Attorney for City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-5032
cunninghamp@detroitmi.gov

July 27, 2020

3

## Certificate of Service

The undersigned certifies that on July 27, 2020, he served the foregoing papers upon the above named counsel of record by U.S. Mail and by email.

/s/ Patrick M. Cunningham

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**20-007758-NO**<br>**Hon.Edward Ewell, Jr.** |
|---|---|---|

| Court address : 2 Woodward Ave., Detroit MI 48226 | | Court telephone no.: 313-224-5195 |
|---|---|---|

| Plaintiff's name(s), address(es), and telephone no(s)<br>CHANCELLOR, DARELL | v | Defendant's name(s), address(es), and telephone no(s).<br>CITY OF DETROIT, a Muncipal entity |
|---|---|---|

Plaintiff's attorney, bar no., address, and telephone no

Ayanna D. Hatchett 70055
535 Griswold St Ste 2632
Detroit, MI 48226-3687

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>6/19/2020 | Expiration date*<br>9/18/2020 | Court clerk<br>Carlita McMiller |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)　　　　　SUMMONS　　　　　MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**SUMMONS**
Case No. : **20-007758-NO**

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons.  You must make and file your return with the court clerk.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]),  and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature _____ |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) _____ |
| | | | | Title _____ |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
Date

My commission expires: _____  Signature: _____
Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____.

Signature

20-007758-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   6/19/2020 12:49 PM   Carlita McMiller

**STATE OF MICHIGAN**

**IN THE THIRD CIRCUIT OF WAYNE COUNTY**

DARELL CHANCELLOR,

      Plaintiff,

v.

      Case No. 20-    -NO
      Hon.

OFFICER STEPHEN GEELHOOD in his
Individual and Representative Capacity,
and the CITY OF DETROIT,
a Municipal entity,

      Defendants.

_____

AYANNA D. HATCHETT (P70055)
VEN R. JOHNSON (P39219)
Counsel for Plaintiff
The Buhl Building
535 Griswold, Ste. 2632
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com

RECEIVED

JUN 29 2020
CITY OF DETROIT
LAW DEPARTMENT

_____

**COMPLAINT & JURY DEMAND**

There are no other pending civil actions arising out
of the transactions or occurrences alleged in this Complaint.

/s/        *Ayanna D. Hatchett*
      AYANNA D. HATCHETT (P70055)

NOW COMES Plaintiff, DARELL CHANCELLOR, through his counsel, JOHNSON

LAW, PLC and for his Complaint against the defendants states as follows:

1. At all times relevant to this lawsuit, Plaintiff, Darell Chancellor ("Darell") was a resident

    of Detroit, in Wayne County, Michigan.

1

2. At all times relevant to this lawsuit, Defendant Officer Stephen Geelhood ("Geelhood") was employed as a police officer with the Detroit Police Department.

3. At all times relevant to this lawsuit, Geelhood acted under color of state law and is being sued in his individual and representative capacities.

4. At all times relevant to this lawsuit, Defendant City of Detroit ("The City") was a municipal corporation, duly organized in carrying on governmental functions in the City of Detroit, in Wayne County, Michigan.

5. The amount in controversy exceeds $25, 000.00 exclusive of costs, interest and attorney fees; and jurisdiction is otherwise conferred on this Court pursuant to the United States Constitution as well as 42 U.S.C. §1983.

### COMMON ALLEGATIONS

6. At all times relevant to this lawsuit, Geelhood was a member of the now-defunct narcotics unit in the police department for the City of Detroit.

7. On November 2, 2011, an affidavit in support of a search warrant was falsified and sworn to by Officer Geelhood before a 36th District Court magistrate in the City of Detroit.

8. As a result of Geelhood's swearing to the false affidavit, a search warrant was issued by the magistrate for the search of *5023 32nd Street* in Detroit, the home of Darell's mother.

9. In the false affidavit, Geelhood alleged that he had received information from a confidential informant (CI) on October 31, 2011 that a large quantity of heroin was being stored at and sold from the 32nd Street home. That allegation was false.

10. In the false affidavit, Geelhood further alleged that he had set up surveillance at 5023 32nd Street on November 1, 2011, and personally observed a black male, described as being in

his "30s [, 5'8",] 180 lbs." engaging in a "suspected narcotics transaction" with buyers. That allegation was also false.

11. The affidavit went on to state that based on his 17 years of experience as a police officer and 9 years in the Narcotics Unit, Geelhood believed that there was probable cause that heroin and the individual suspected of making the narcotics transaction would be found on the premises.

12. On November 2, 2011, the search warrant based on Geelhood's false affidavit was executed at 5023 32nd Street in Detroit.  During the execution of the warrant, a quantity of cocaine was found on the premises.  No heroin was found.

13. Darell was not at his mother's house when the search warrant was executed. But he was later arrested in May of 2012 and charge with (a) the delivery/manufacture of a controlled substance (450 to 999 grams); (b) possession of a controlled substance (450 to 999 grams); (c) felon in possession of a firearm; and (d) felony firearm.

14. The false claims made and sworn to b Geelhood in the search warrant affidavit led directly to the issuance of the search warrant, the raid at 5023 32nd Street, the seizure of the cocaine and to Darell's subsequent prosecution.

15. As a direct result of Geelhood's false affidavit, Darell was arrested in May of 2012 and held in Wayne County Jail until his trial date.

16. A bench trial was conducted before the Honorable Daniel Hathaway on November 8, 2012.

17. Geelhood was the prosecution's star witness at trial. He testified to both the seizure of the cocaine during the raid and the events that he falsely claimed had occurred the two previous days.

18. Geelhood testified falsely at trial that he was telling the truth to the magistrate when he swore to the affidavit before the 36th District Court magistrate.

19. Geelhood also testified falsely at trial about receiving a tip from the CI, conducting surveillance, and he further falsely identified Darell as the person that he supposedly observed selling heroin during his alleged surveillance of Darell's mother's home.

20. The falseness of Geelhood's testimony regarding the alleged three separate hand-to-hand narcotic transactions during his surveillance is magnified by the fact that he never stopped any of the individuals allegedly involved in the drug buys to verify that one had actually taken place.

21. The falseness of Geelhood's identification of Darell as the person who he allegedly observed selling drugs on November 1, 2011 was further demonstrated by the difference between the description of the alleged seller as 5'8", 180 pounds, no glasses, and the actual size and description of Darell who is 5'11", 250 pounds and has worn prescription glasses his entire adult life.

22. On November 12, 2012, when Darell was found guilty of possession of cocaine, Judge Hathaway explicitly relied on Geelhood's false statements that identified Darell as the person who was seen selling drugs from the target address.

23. The reliance on Geelhood's false statements was highlighted when Judge Hathaway issued his verdict convicting Darell of possession of cocaine and stated the following:

> "So it really comes down to the reliability of Officer Geelhood's identification. As I said when [Geelhood] was questioned and the discrepancies were pointed out he was adamant and maintained that the individual he saw that day through the binoculars was, in fact, the defendant Mr. Chancellor; that he recognized him from that surveillance that he did and that he was in fact the person and of course

4

> *to me, this comes down to, well, part of it comes down to that identification.*" (Trial transcript, Vol. 3, pp 31-32)

24. Darell was sentenced on December 12, 2012 to serve a term of 14 years and 3 months to 30 years of imprisonment.

25. The Conviction Integrity Unit (CIU), a division of the Wayne County Prosecutor's Office, became involved in Darell's case as a result of an internal investigation by the Detroit Police Department (DPD) as well as a federal investigation into the department's Narcotics Unit concerning allegations that multiple Detroit police narcotics officers, including Geelhood, had participated in falsifying warrant affidavits, falsely accusing citizens of drug crimes and stealing case, guns and narcotics found during search warrant executions.

26. On information and belief, at the time of Darell's trial in 2012, the City was aware of the existence of the federal investigation and that the DPD had begun its own investigation of the Narcotics Unit.

27. As a result of the DPD's investigation, the Narcotic Unit, which included Geelhood, was disbanded by Detroit Police Chief James Craig in the summer of 2014.

28. In 2019, because of the numerous allegations of misconduct against multiple officers in the Narcotics Unit, Darell's conviction was reviewed by the CIU.

29. The CIU's investigation found that the records of the DPD and/or the Narcotics Unit contained no complaints of criminal activity at the 32nd Street address.

30. The CIU also found that there were no records of the tip allegedly provided by the CI to Geelhood as alleged in his false search warrant affidavit.

31. At the conclusion of their investigation, the CIU determined that the allegations contained in the search warrant affidavit and Geelhood's trial testimony could not be corroborated.

32. Likewise, the CIU concluded that the allegations in Geelhood's affidavit that supported the issuance of the search warrant for the home on 32nd Street were false.

33. An order to vacate Darell's conviction was subsequently entered on March 24, 2020.

34. From the time of Darell's false arrest that arose from Geelhood's falsified search warrant and affidavit, up through the time that his conviction was vacated, Darell was incarcerated for eight years.

35. Because of Geelhood and/or the City's negligent, grossly negligent and/or intentional misconduct, Darell was unlawfully arrested, imprisoned, maliciously prosecuted and deprived of due process, for a crime that Geelhood and/or the City knew Darell did not commit.

## COUNT I:  STATE CLAIM—FALSE ARREST--GEELHOOD

36. Plaintiff reasserts and incorporates each of the allegations stated above.

37. Darell was arrested.

38. Darell was aware of the arrest and it was against his will.

39. Geelhood knew that the search warrant and affidavit that Darell's arrest was premised upon was not based on true and accurate information and thus did not provide probable cause for Darell's arrest.

40. Geelhood knew that he had falsified statements in the affidavit to support the search warrant which led to an unlawful search and seizure of the property found at Darell's mother's home on 32nd Street, which ultimately led to Darell's arrest.

41. As the direct and proximate result of Geelhood's misconduct, Darell suffered, and will continue to suffer, damages in the future, including, but not limited to:

    a.      Physical pain and suffering;

    b.      Mental anguish;

    c.      Fright and shock;

    d.      Denial of social pleasure and enjoyments;

    e.      Embarrassment, humiliation or mortification;

    f.      Lost wages and/or earning capacity;

    g.      The legal expense incurred by Darell to defend against the frivolous criminal charges prosecuted against him; and

    h.      All other damages learned through the course of discovery and up to the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25,000.00 and exclusive of costs, interest, and attorney fees.

### COUNT II: STATE CLAIM—MALICIOUS PROSECUTION—GEELHOOD

42. Plaintiff reasserts and incorporates each of the allegations stated above.

43. Geelhood instituted and initiated the allegations of criminal activity against Darell without probable cause and with malice or a with primary purpose other than bringing about justice through the proper adjudication of the claim upon which the proceedings are based.

44. Darell's criminal conviction was vacated in his favor.

45. As the direct and proximate result of Geelhood's misconduct, Darell has suffered damages and will continue to suffer damages in the future, including but not limited to:

7

    a.  Mental anguish;

    b.  Embarrassment, humiliation or mortification;

    c.  Denial of social pleasure and enjoyment; and

    d.  All other damages learned through the course of discovery and up through time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25, 000.00 and exclusive of costs, interest, and attorney fees.

## COUNT III: STATE CLAIM—FALSE IMPRISONMENT--GEELHOOD

46. Plaintiff reasserts and incorporates each of the allegations stated above.

47. Darell was imprisoned by Geelhood when he was arrested without probable cause and thus deprived of his personal liberty and freedom of movement.

48. Such imprisonment was against Darell's will.

49. Geelhood accomplished the imprisonment by actual physical force.

50. Geelhood intended to deprive Darell of his personal liberty or freedom of movement.

51. Such imprisonment was unlawful because the arrest was made without probable cause.

52. The prosecution against Darell was caused by Geelhood.

53. A post-conviction proceeding vacated Darell's underlying conviction for possession which in turn released Darell from serving further time in prison.

54. There was no probable cause for initiating or continuing the proceeding.

55. The initiation or continuation of the proceeding was done with malice or a primary purpose other than that of bringing the offender to justice.

56. As the direct and proximate result of misconduct by Geelhood, Darell suffered, and will continue to suffer, damages in the future, including, but not limited to:

a.      Physical pain and suffering;

b.      Mental anguish;

c.      Fright and shock;

d.      Denial of social pleasure and enjoyments;

e.      Embarrassment, humiliation or mortification;

f.      Lost wages and/or earning capacity;

g.      The legal expense that Darell incurred to defend against the wrongfully prosecuted criminal charges; and

h.      All other damages learned through the course of discovery and up through the time of trial.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25, 000.00 and exclusive of costs, interest, and attorney fees.


## COUNT IV: STATE CLAIM—GROSS NEGLIGENCE—GEELHOOD

57. Plaintiff reasserts and incorporates each of the allegations stated above.

58. Geelhood had a duty to the general public and in particular to Darell, to refrain from grossly negligent conduct.

59. Geelhood breached that duty and was grossly negligent, or was so reckless as to demonstrate a substantial lack of concern for whether an injury would result when he

9

knowingly falsified the contents of the affidavit that supported the search warrant and knowing executed the search warrant that he knew lacked probable cause.

60. By knowingly falsifying the contents of affidavit and knowingly executing a search that he knew lacked probable cause, Geelhood withheld evidence that exculpated Darell.

61. Geelhood's gross negligence was the one most immediate, efficient, and direct cause of the injury or damage, e.g., the proximate cause, of Darell's damages and injuries, including but not limited to:

   a.    False arrest for a crime he did not commit;

   b.    False imprisonment for a crime he did not commit;

   d.    Physical pain and suffering;

   e.    Mental anguish;

   f.    Fright and shock;

   g.    Denial of social pleasure and enjoyment;

   h.    Embarrassment, humiliation or mortification;

   i.    Lost wages and/or earning capacity; and

   j.    All other damages learned through the course of discovery.


   WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in his favor and against the defendants in an amount in excess of $25, 000.00 and exclusive of costs, interest, and attorney fees.


                              Respectfully submitted,

                              **JOHNSON LAW, PLC.**

By: */s/ Ayanna D. Hatchett*

AYANNA D. HATCHETT (P70055)
VEN R. JOHNSON (P39
Counsel for Plaintiff
The Buhl Building
535 Griswold, Ste. 2632
Detroit, MI 48226
(313) 324.8300

Dated: June 19, 2020

11

STATE OF MICHIGAN

IN THE THIRD CIRCUIT OF WAYNE COUNTY

DARELL CHANCELLOR,

       Plaintiff,

v.

OFFICER STEPHEN GEELHOOD in his
Individual and Representative Capacity,
and the CITY OF DETROIT,
a Municipal entity,

       Defendants.

Case No. 20-        -NO
Hon.

---

AYANNA D. HATCHETT (P70055)
VEN R. JOHNSON (P39219)
Counsel for Plaintiff
The Buhl Building
535 Griswold, Ste. 2632
Detroit, MI 48226
(313) 324.8300
vjohnson@venjohnsonlaw.com
ahatchett@venjohnsonlaw.com

---

## JURY DEMAND

    NOW COMES Plaintiff, DARELL CHANCELLOR, through his counsel, JOHNSON

LAW, PLC to respectfully demand a trial by jury.

                     Respectfully submitted,

                     **JOHNSON LAW, PLC**

             By: */s/ Ayanna D. Hatchett*
                 AYANNA D. HATCHETT (P70055)
                 VEN R. JOHNSON (P39
                 Counsel for Plaintiff
                 The Buhl Building
                 535 Griswold, Ste. 2632
                 Detroit, MI 48226
                 (313) 324.8300

Dated: June 19, 2020

20-007758-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    6/19/2020 12:49 PM    Carlita McMiller



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT

FIRST · CLASS

7015 1520 0001 1540 8903

US POSTA $07.80

Metroplex MI 480 ZIP
THU 25 JUN 2020 PM

**First Class Mail**

# JOHNSON LAW, PLC
ATTORNEYS AND COUNSELORS

Buhl Building . 535 Griswold Street . Suite 2632
Detroit, Michigan 48226

Lawrence Garcia
Mayor's Office
2 Woodward Ave., Suite 1126
Detroit, MI 48226
209359

RECEIVED
JUN 2 9 2020
CITY OF DETROIT
LAW DEPARTMENT

